

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*         *(973) 645-2700*
*Newark, New Jersey 07102*

JLII/PL AGR
2019R00055

January 28, 2019

Elizabeth Smith, Esq.
5 Cold Hill Road, Suite 9A
Mendham, NJ 07945
ehsmithesq@verizon.net

        Re:  <u>Plea Agreement with Luis Alberto Garcia Martinez</u>
              Criminal No. 19-185

Dear Ms. Smith:

      This letter sets forth the plea agreement between your client, Luis Alberto Garcia Martinez ("Martinez"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on <u>February 12, 2019</u> if it is not accepted in writing by that date.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Martinez to a one-count Information that charges that Martinez conspired to possess with intent to distribute one kilogram or more of heroin, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A), all in violation of 21 U.S.C. § 846. If Martinez enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Martinez for possessing with the intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin on or about January 10, 2019, and conspiring to do the same. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Martinez agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Martinez may be commenced against him, notwithstanding the expiration of the limitations period after Martinez signs the agreement.

Sentencing
---

The violation of 21 U.S.C. § 846 to which Martinez agrees to plead guilty carries a statutory mandatory minimum sentence of 10 years, a statutory maximum prison sentence of life, and a statutory maximum fine equal to the greatest of: (1) $10,000,000, or (2) twice the gross profits or other proceeds to Martinez. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Martinez is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Martinez ultimately will receive.

Further, in addition to imposing any other penalty on Martinez, the sentencing judge: (1) will order Martinez to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Martinez to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may deny Martinez certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 21 U.S.C. § 841, must require Martinez to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Martinez be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Martinez may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply to Martinez and his commission of the charged offense, the United States will make such a representation to the sentencing court and will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Martinez by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Martinez's activities and relevant conduct with respect to this case.

Stipulations

This Office and Martinez agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Martinez from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Martinez waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Martinez agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, he will consent to the entry of forfeiture as discussed below.

Martinez agrees to consent to the entry of orders of forfeiture for the Subject Property (defined below) and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Martinez understands that the forfeiture of the is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, Martinez waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Martinez consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title, and interest in the car battery that was modified to serve as a trap containing heroin and the defendant's cellular telephones recovered on or about January 10, 2019 (collectively, the "Subject Property"). Martinez waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement. Martinez further waives any additional notice requirement in connection with the forfeiture and abandonment of this property and consents to the destruction of the forfeited and abandoned property at the discretion of federal, state, and/or local law enforcement.

Immigration Consequences

Martinez understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Martinez understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Martinez wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Martinez understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Martinez waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of

- 4 -

collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Martinez. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Martinez.

No provision of this agreement shall preclude Martinez from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Martinez received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Martinez and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: JAMIE L. HOXIE
Assistant U.S. Attorney

APPROVED:

MEREDITH WILLIAMS
Chief, OCDETF/Narcotics

I have received this letter from my attorney, Elizabeth H. Smith, Esq. It has been translated for me into Spanish. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 02/01/2019
Luis Alberto Garcia Martinez

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date:
Elizabeth H. Smith, Esq.

Jessica E. Valtmes    2-1-'19
Fed. Certif. Interpr.

## Plea Agreement With Luis Alberto Garcia Martinez

### Schedule A

1. This Office and Martinez recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Martinez nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Martinez within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Martinez further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

3. This guideline carries a Base Offense Level of 32 because at least 3 kilograms but less than 10 kilograms of heroin were involved in the offense. U.S.S.G. § 2D1.1(c)(4).

4. Whether Martinez meets the criterion set forth in § 5C1.2(a)(1) and (a)(5) has not yet been determined.

5. Within the meaning of § 5C1.2(a)(2), Martinez did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

6. Within the meaning of § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

7. Within the meaning of § 5C1.2(a)(4), Martinez was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

8. No specific offense characteristics apply.

9. As of the date of this letter, it is expected that Martinez will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Martinez's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for

acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

10. As of the date of this letter, it is expected that Martinez will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Martinez's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Martinez enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Martinez's acceptance of responsibility has continued through the date of sentencing and Martinez therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Martinez's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11. In accordance with the above, the parties agree that: (a) if the Court finds, pursuant to U.S.S.G. § 5C1.2, that Martinez meets the criteria in 18 U.S.C. § 3553(f)(1)-(5), Martinez will be entitled to a 2-point reduction in his offense level pursuant to U.S.S.G. § 2D1.1(b)(18), with the result that the total Guidelines offense level applicable to Martinez will be 27; and (b) otherwise, the total Guidelines offense level applicable to Martinez will be 29 (collectively, the "agreed total Guidelines offense level"), subject to any applicable statutory mandatory minimum.

12. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

13. Martinez knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 29. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 27. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

      14. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.